1

2

3

4

5

6

7

United States District Court
Northern District of California

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

J.B., et al.,                                      Case No. 21-cv-08521-LB

12

            Plaintiffs,

13

        v.                                         **ORDER GRANTING MOTION TO
                                                   DISMISS**

14

OAKLAND UNIFIED SCHOOL                             Re: ECF No. 20
DISTRICT, et al.,

15

16

            Defendants.

17

**INTRODUCTION**

18

    In this action, the plaintiff challenges an administrative decision to dismiss the plaintiff's

19

claims under the Individuals with Disabilities Education Act (IDEA).[1] The underlying claim

20

against the district concerns the district's alleged failure to provide a free appropriate public

21

education or FAPE to the plaintiff's son under the IDEA between 2018 and 2021.[2] An

22

administrative law judge (ALJ) at the California Office of Administrative Hearings (OAH)

23

dismissed the complaint for the failure to prosecute based on the plaintiff's counsel's failure to

24

25

26

[1] Compl. – ECF No. 1 at 1–2 (¶ 1). Citations refer to material in the Electronic Case File (ECF);
pinpoint citations are to the ECF-generated page numbers at the top of documents.

27

[2] *Id.* at 26 (¶¶ 121, 123); Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (June 14,
2021), Ex. B, Mishook Decl. – ECF No. 20-1 at 17–18.

28

ORDER – No. 21-cv-08521-LB

United States District Court
Northern District of California

1    timely upload evidentiary exhibits in advance of a due-process hearing.[3] The defendants moved to

2    dismiss the case based on the lack of subject-matter jurisdiction and the plaintiff's failure to

3    exhaust administrative remedies or state a claim.[4]

4      The court dismisses the plaintiff's complaint. The court has subject-matter jurisdiction because

5    the plaintiff's claims arise under the IDEA, and the complaint follows a final administrative

6    decision. But the plaintiff has not exhausted her administrative remedies under the IDEA. The

7    administrative law judge dismissed the administrative complaint without prejudice and before

8    reaching the merits of the claim or developing a factual record. Thus, the court dismisses the

9    complaint without prejudice.

10

11                             **STATEMENT**

12      The plaintiff brought this action on behalf of herself and her son who is fourteen years old and

13    has learning disabilities, including attention-deficit hyperactivity disorder (ADHD) and dyslexia.[5]

14    He reads at a first-grade level.[6] In 2013, the plaintiff, who had recently been released from jail and

15    experienced homelessness, enrolled her son at Thousand Oaks Elementary School in the Berkeley

16    Unified School District.[7]

17      After an initial IEP in 2013, the plaintiff's son was placed at "Building Blocks, a therapeutic

18    nonpublic Preschool, K-1 program run by Seneca in Oakland."[8] Nonetheless, by 2016, the

19    plaintiff's son was still "far below average in core academic skills."[9] The plaintiff and the

20    Berkeley Unified School District both filed administrative complaints in 2016 concerning disputes

21

22

23    [3] Compl. – ECF No. 1 at 33 (¶ 149); Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (Aug. 4, 2021), Ex. A, Mishook Decl. – ECF No. 20-1 at 5–13.

24    [4] Mot. – ECF No. 20 at 11–15.

25    [5] Compl. – ECF No. 1 at 5 (¶¶ 12, 14).

26    [6] *Id.* at (¶¶ 12, 15).

     [7] *Id.* at 6 (¶¶ 16).

27    [8] *Id.* at 7 (¶ 24).

28    [9] *Id.* at 9 (¶ 35).

United States District Court
Northern District of California

1  over the plaintiff's son's educational needs.[10] The parties settled these issues in 2016.[11] The

2  plaintiff alleges that the Berkeley Unified School District generally failed to comply with the

3  settlement agreement and filed a "compliance complaint with the CDE [California Department of

4  Education]" in 2017.[12] The Department ordered the Berkeley Unified School District to

5  implement several corrective actions, and in 2018, the district placed the plaintiff's son at "Maya

6  Angelou Academy in Oakland, a nonpublic therapeutic elementary school run by Seneca."[13]

7      In 2017 and again in 2019, the Berkeley Unified School District advised the plaintiff that she

8  should enroll her son in the Oakland Unified School District because the plaintiff lived in Oakland

9  and "no longer lived within the boundaries of" the Berkeley Unified School District.[14] In 2019, the

10  plaintiff filed an administrative complaint to establish whether the Berkeley Unified School

11  District or the Oakland Unified School District was responsible for her son's education.[15] The

12  Oakland Unified School District filed an administrative complaint on the same issue.[16] The

13  Oakland Unified School District administrative complaint was dismissed after the district moved

14  to dismiss this complaint.[17] The plaintiff settled the administrative complaint against the Berkeley

15  Unified School District.[18]

16      In 2020, the plaintiff eventually accepted an offer from the Oakland Unified School District to

17  enroll her son in the James Baldwin Academy.[19] Disputes over her son's education have continued

18  since he enrolled in James Baldwin Academy.[20]

19

20  [10] *Id.* at 9–10 (¶¶ 37–40).

21  [11] *Id.* at 10 (¶ 41).

    [12] *Id.* at 11 (¶ 45).

22  [13] *Id.* at 11 (¶¶ 47–48).

23  [14] *Id.* at 11 (¶ 46), 13 (¶ 62).

24  [15] *Id.* at 19 (¶ 90).

    [16] *Id.*

25  [17] *Id.* at 21–22 (¶¶ 96–97).

26  [18] *Id.* at 22 (¶ 105).

27  [19] *Id.* at 23–25 (¶¶ 111–120).

28  [20] *Id.* at 26 (¶¶ 121–122), 27 (¶ 124) ("OUSD [Oakland Unified School District] NEVER intended to provide Student with a FAPE").

ORDER – No. 21-cv-08521-LB                    3

1    The plaintiff filed the administrative complaint that is the subject of this action on December

2    7, 2021.[21] The issues in the complaint concerned whether the Oakland Unified School District

3    provided a free appropriate public education or FAPE between 2018 and 2021.[22] The ALJ

4    dismissed issues related to alleged interference with the attorney-client relationship.[23] A due-

5    process hearing was set for June 22, 2021 on the remaining issues and was eventually continued to

6    August 3, 2021.[24] The plaintiff's counsel failed to timely upload evidence in advance of the due-

7    process hearing.[25] (At the December 8, 2022, hearing, she explained that technical issues made

8    this excusable error.) The ALJ dismissed the administrative complaint for failure to prosecute.[26]

9    The plaintiff subsequently filed this action under the IDEA claiming that the ALJ erred by (1)

10   dismissing the case for lack of prosecution and (2) finding that the Oakland Unified School

11   District did not interfere with the student's attorney-client relationship.[27] The defendants moved to

12   dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and for the failure to exhaust

13   administrative remedies or state a claim under Rule 12(b)(6).[28]

14   All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[29] The court held

15   a hearing on October 13, 2022.

16

17

18

19

20

---

[21] *Id.* at 26 (¶¶ 121, 123); Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (Aug. 4, 2021), Ex. A, Mishook Decl. – ECF No. 20-1 at 5–13; Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (June 14, 2021), Ex. B, Mishook Decl. – ECF No. 20-1 at 15–32.

[22] Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (June 14, 2021), Ex. B, Mishook Decl. – ECF No. 20-1 at 17–18.

[23] *Id.* at 20.

[24] Compl. – ECF No. 1 at 29 (¶ 133), 30 (¶ 138).

[25] *Id.* at 30 (¶¶ 138–148).

[26] *Id.* at 33 (¶ 149).

[27] *Id.* at 33–34 (¶¶ 152–159).

[28] Mot. – ECF No. 20 at 11–15.

[29] Consents – ECF Nos. 12, 23.

1

**STANDARDS**

2

**1.  Subject Matter Jurisdiction – Rule 12(b)(1)**

3

A complaint must contain a short and plain statement of the grounds for the court's

4

jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction.

5

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v.*

6

*Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

7

A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227 F.3d

8

1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are themselves

9

insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations,

10

though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*,

11

750 F.3d 776, 780, n.3 (9th Cir. 2014). The court thus "accept[s] all allegations of fact in the

12

complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox*

13

*Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

14

15

**2.  Failure to State a Claim – Rule 12(b)(6)**

16

A complaint must contain a "short and plain statement of the claim showing that the pleader is

17

entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds

18

upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

19

(2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal

20

theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank*

21

*N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

22

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the

23

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

24

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise

25

a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint

26

must contain sufficient factual allegations, which when accepted as true, "state a claim to relief that is

27

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v.*

28

*Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020). "[O]nly the *claim* needs to

United States District Court
Northern District of California

1   be plausible, and not the facts themselves . . . ." *NorthBay*, 838 F. App'x at 234 (citing *Iqbal*, 556

2   U.S. at 696); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the

3   court must accept the factual allegations in the complaint "as true and construe them in the light most

4   favorable to the plaintiff") (cleaned up).

5       "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

6   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S.

7   at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

8   a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that

9   are merely consistent with a defendant's liability, it stops short of the line between possibility and

10   plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

11       If a court dismisses a complaint because of insufficient factual allegations, it should give leave to

12   amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook,*

13   *Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

14       Aside from the requirement to plead facts establishing a plausible claim, the plaintiff must also

15   allege a "cognizable legal theory" to survive a motion to dismiss. *Woods*, 831 F.3d at 1162.

16       If a court dismisses a complaint because its legal theory is not cognizable, the court should give

17   leave to amend if the plaintiff could "articulate a cognizable legal theory if given the opportunity."

18   *Steele-Klein v. Int'l Bhd. of Teamsters, Loc. 117*, 696 F. App'x 200, 202 (9th. Cir. 2017).

19

20                                        **ANALYSIS**

21       "The IDEA offers federal funds to States in exchange for a commitment: to furnish a 'free

22   appropriate public education' — more concisely known as a FAPE — to all children with certain

23   physical or intellectual disabilities." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017)

24   (cleaned up). "The centerpiece of the IDEA's education delivery system is an individualized

25   education program (IEP)." *D. D. by & through Ingram v. Los Angeles Unified Sch. Dist.*, 18 F.4th

26   1043, 1048 (9th Cir. 2021) (cleaned up). When there is a dispute over an individualized education

27   program (IEP), the parent files a complaint with the state or local educational agency, and the

28   agency will convey a "preliminary meeting" with the individualized education program (IEP) team

United States District Court
Northern District of California

1    and the parents. *Id.* at 1049 (citing 20 U.S.C. §§ 1415(b)(6)(A), 1415(f)(1)(B)(i)). If the grievance

2    is unresolved, the parties may proceed to a due-process hearing before an impartial arbitrator who

3    will determine whether the child received a free appropriate public education (FAPE). *Id.* (citing

4    20 U.S.C. §§ 1415(f)(1)(A), 1415(f)(3)(E)(i)). "In California, due process hearings are conducted

5    by the Office of Administrative Hearings [OAH], a state agency independent of the Department of

6    Education." *Fairfield-Suisun Unified Sch. Dist. v. Cal. Dep't of Educ.*, 780 F.3d 968, 969 (9th Cir.

7    2015) (cleaned up). Following such a hearing, any party aggrieved by the ruling may seek judicial

8    relief. *Id.* (citing 20 U.S.C. §§ 1415(i)(2)(A), 1415(l)).

9

10   **1.   Subject-Matter Jurisdiction**

11       The defendants contend that the court lacks subject-matter jurisdiction because the Office of

12   Administrative Hearings (OAH) dismissed the plaintiff's administrative complaint based on state

13   administrative and judicial procedures and not federal rules.[30] The defendants also contend that

14   because the decision was based on state law, the court does not have federal-question jurisdiction

15   over the plaintiff's first claim, which asserts that the Office of Administrative Hearings (OAH)

16   erred by dismissing the claim for lack of prosecution.[31] The defendants also contend that the court

17   does not have federal-question jurisdiction over the plaintiff's second claim, which asserts that the

18   Office of Administrative Hearings (OAH) erred by finding that the defendants did not interfere

19   with the plaintiff's attorney-client relationship, because it is not explicitly based on federal law.[32]

20       Although the plaintiff's claims are styled as two separate claims, the complaint essentially

21   argues that the Office of Administrative Hearings (OAH) wrongly dismissed the plaintiff's

22   administrative complaints and effectively denied the plaintiffs a free appropriate public education

23   (FAPE) under the IDEA.[33] The Office of Administrative Hearings (OAH) dismissal of the

24

25

26   [30] Mot. – ECF No 20 at 12.

     [31] *Id.*

27   [32] *Id.* at 13.

28   [33] Compl. – ECF No. 1 at 2 (¶ 4) ("This action arises under the IDEIA [sic] (20 U.S.C. §1415 et seq.)").

United States District Court
Northern District of California

1  plaintiff's administrative claims based on state procedural rules does not deprive this court of

2  jurisdiction over claims arising under the IDEA.

3      For instance, in *Thomas v. Empire Springs Charter Sch.*, the court held that the plaintiff's

4  claims under California state — California Education Code § 47605(b)(5)(J) and California Civil

5  Code § 1668 — were not separate claims but instead were arguments that supported a claim that

6  the defendant denied the plaintiff's son a free appropriate public education (FAPE). 2020 WL

7  2141826, at *3 (C.D. Cal. Jan. 22, 2020). Thus, the court held that the claims under state law were

8  "subsumed within her IDEA claim" and that, even if they were separate claims, the court would

9  have supplemental jurisdiction over those claims. *Id.* Accordingly, a plaintiff may establish

10 federal-question jurisdiction over a federal IDEA claim while simultaneously relying on state law

11 to support the claim.

12      Furthermore, the lack of an administrative due-process hearing does not necessarily deprive

13 the court of subject-matter jurisdiction. In *M.M. v. Lafayette Sch. Dist.*, the Ninth Circuit held that

14 an administrative ruling dismissing some, but not all, IDEA claims based the expiration of the

15 statute of limitations was not subject to immediate judicial review before the conclusion of the due

16 process hearing. 681 F.3d 1082, 1086–87, 1090 (9th Cir. 2012). But the court clarified that the

17 absence of a due-process hearing does not preclude judicial review. *Id.* at 1090 ("We do not hold

18 that an ALJ's order completely dismissing a due-process complaint without a due process hearing

19 would not give rise to a right of judicial review. If the ALJ completely dismisses the matter, the

20 dismissal is final and judicially reviewable."). In other words, a due-process hearing is not an

21 absolute prerequisite to federal-question jurisdiction in an IDEA case.

22      The plaintiffs here are seeking review of a final administrative decision that allegedly deprived

23 the plaintiff's son of a free appropriate public education (FAPE) under the IDEA.[34] This is

24 sufficient to establish subject-matter jurisdiction.

25 _____

26 [34] Compl. – ECF No. 1 at 33–34 (¶¶ 152–159); Order, Cal. Office of Admin. Hr'gs (OAH), Case No.
2020120240 (Aug. 4, 2021), Ex. A, Mishook Decl. – ECF No. 20-1 at 5–13. The court can consider

27 the administrative decisions under the incorporation-by-reference doctrine. *Knievel v. ESPN*, 393 F.3d
1068, 1076 (9th Cir. 2005). The court may also take judicial notice of the decisions. *Callan v. N.Y.*

28 *Cmty. Bank*, 643 F. App'x 666 (9th Cir. 2016) ("The district court did not abuse its discretion in sua

United States District Court
Northern District of California

1

**2.  Administrative Exhaustion**

A plaintiff must generally exhaust the IDEA's administrative procedures before contesting the dismissal of an IDEA claim in court. *Smith v. Robinson*, 468 U.S. 992, 1011–12 (1984). The exhaustion requirement "applies in cases where the plaintiff seeks a remedy for failure to provide a FAPE" irrespective of whether the claim is brought under the IDEA or other federal law. *Student A by & through Parent A v. S.F. Unified Sch. Dist.*, 9 F.4th 1079, 1083 (9th Cir. 2021) (citing 20 U.S.C. § 1415(i)(2)(A), 1415(l)). Section 1415(i)(2)(A) provides that "[a]ny party aggrieved by the findings and decision made" at a due process hearing may file an action in "any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." And Section 1415(l) provides that,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

In sum, "[a] plaintiff seeking relief for the denial of a FAPE [free appropriate public education] ordinarily must exhaust the administrative process before filing a lawsuit, even if the plaintiff asserts claims arising under the Constitution or a federal statute other than the IDEA." *Martinez v. Newsom*, 46 F.4th 965, 973 (9th Cir. 2022) (citing 20 U.S.C. § 1415(i)(2)(A), 1415(l) and *Fry v. Napoleon Cmty. Sch.*, 580 U.S. at 165).

The exhaustion requirement "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these

---

sponte taking judicial notice[.]") (citing Fed. R. Evid. 201(c), (d)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"); *Cal. Sportfishing Prot. All. v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017) ("A court may also take judicial notice of 'records and reports of administrative bodies.'").

*United States District Court*
*Northern District of California*

agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992). Therefore, "settlement or dismissal of IDEA claims during the administrative process before the matter has been heard and a decision issued by the hearing officer does not constitute exhaustion." *S.B. by & through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1244 (E.D. Cal. 2018).

There are, however, three exceptions to the exhaustion requirement: "(1) when [plaintiffs] seek systemic or structural relief, (2) when it is improbable that adequate relief can be obtained by pursuing administrative remedies (e.g., the hearing officer lacks the authority to grant the relief sought), and (3) when exhaustion would be futile." *Martinez*, 46 F.4th at 973–74.

The application of the exhaustion requirement and its exceptions is not a jurisdictional issue. *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 870 (9th Cir. 2011) (the exhaustion requirement in § 1415(l) is not jurisdictional), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Instead, the exhaustion issue is properly raised as an affirmative defense in a Rule 12(b)(6) motion to dismiss. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."). When a complaint is dismissed for the failure to exhaust, the dismissal is without prejudice. *Payne*, 653 F.3d at 881 ("Unlike a judgment on the merits, a plaintiff's failure to exhaust administrative remedies should result in a dismissal without prejudice.").

For example, in *Rivera v. Fremont Union High Sch. Dist.*, the court held that the plaintiff failed to exhaust administrative remedies under the IDEA where the ALJ dismissed the plaintiff's administrative complaint without prejudice based on the plaintiff's failure to establish that he held the student's educational rights and for lack of jurisdiction over one proposed defendant. No. 5:12-CV-05714-EJD, 2013 WL 4674831, at *2 (N.D. Cal. Aug. 30, 2013). The court also held that an administrative "proceeding on the merits as to this individual Student is nevertheless necessary in order to exhaust Plaintiff's claims." *Id.*

1    Here, the ALJ dismissed the plaintiff's administrative complaint for the failure to prosecute.[35]

2    The dismissal occurred before any due process hearing or the development of a factual record. In

3    fact, the ALJ dismissed the plaintiff's administrative complaint based on the plaintiff's failure to

4    timely upload evidentiary exhibits that could have helped establish a factual record.[36]

5    Moreover, the dismissal was without prejudice. Although the administrative order does not

6    expressly specify whether the dismissal is with or without prejudice, the order cites California Code

7    of Civil Procedure §§ 583.130, 583.410 as the basis for the dismissal.[37] Dismissals under these

8    provisions are, according to California law, without prejudice. Cal. Civ. Proc. Code § 581(b)(4)

9    (providing that actions may be dismissed "[b]y the court, without prejudice, when dismissal is made

10   pursuant to the applicable provisions of Chapter 1.5 (commencing with Section 583.110).").

11   Accordingly, the plaintiff has not exhausted her administrative remedies because she may still seek

12   relief through the administrative procedures available under the IDEA. The plaintiff has also failed

13   to establish, or argue, that any of the exceptions to the exhaustion requirement apply.

14   The plaintiff's argument that her second claim is not subject to the exhaustion requirement is

15   not persuasive. The plaintiff contends that her second claim — that the administrative law judge

16   erred by finding that the Oakland Unified School District did not interfere with the student's

17   attorney-client relationship — is not subject to an exhaustion requirement because it is not based

18   on the IDEA.[38] The administrative law judge dismissed that claim on the basis that it fell outside

19   the rights protected by the IDEA.[39] The plaintiff's assertion that the decision was wrong implies

20   that the plaintiff believes the IDEA does in fact protect against interference with the attorney-

21   client relationship. Furthermore, to the extent the plaintiff intends to assert a new claim outside of

22

23   [35] Compl. – ECF No. 1 at 33 (¶ 149); Order, Cal. Office of Admin. Hr'gs (OAH), Case No.
     2020120240 (Aug. 4, 2021), Ex. A, Mishook Decl. – ECF No. 20-1 at 5–13.

24   [36] Compl. – ECF No. 1 at 32 (¶¶ 147–148); Order, Cal. Office of Admin. Hr'gs (OAH), Case No.
     2020120240 (Aug. 4, 2021), Ex. A, Mishook Decl. – ECF No. 20-1 at 9–13.
25

26   [37] Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (Aug. 4, 2021), Ex. A, Mishook
     Decl. – ECF No. 20-1 at 13.

27   [38] Opp'n – ECF No. 24 at 12–13.

28   [39] Order, Cal. Office of Admin. Hr'gs (OAH), Case No. 2020120240 (June 14, 2021), Ex. B, Mishook
     Decl. – ECF No. 20-1 at 20.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  the IDEA based on interference with an attorney-client relationship, the plaintiff has not

2  articulated any cognizable legal theory supporting such a claim.

3      Therefore, the plaintiff's claims are based on rights protected under the IDEA and she has not

4  exhausted her administrative remedies under the IDEA.

5

6                                    **CONCLUSION**

7      The court grants the defendants' motion to dismiss and dismisses the plaintiff's complaint

8  without prejudice based on the plaintiff's failure to exhaust administrative remedies under the

9  IDEA.

10     **IT IS SO ORDERED.**

11     Dated: December 10, 2022

12

13     _____
       LAUREL BEELER
       United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28